# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE V. SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting Commissioner ) <br> of the Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. 1:15-cv-01236-TWP-MJD |

## ENTRY OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Willie V. Smith ("Smith") requested judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d) ("the Act"). On October 3, 2016, the Court referred Smith's request to the Magistrate Judge. Thereafter, the Magistrate Judge issued his Report and Recommendation wherein the he recommended that the Commissioner's final decision be affirmed. (Filing No. 16.) Smith now objects to the recommendation. (Filing No. 17.) The only issue before the Court is whether the ALJ failed to satisfy Social Security Rule ("SSR") 00-4p requirements when concluding that Smith acquired transferable skills from past relevant work. For the following reasons, the Court **OVERRULES** Smith's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I.   BACKGROUND[1]

On August 20, 2012, Smith, when he was sixty-one years old, protectively filed an application for DIB, alleging a disability onset date of August 17, 2012. (Filing No. 10-2 at 18.) His claims were initially denied on November 2, 2012, and again on reconsideration. *Id*. Smith filed a written request for a hearing and on August 5, 2014, a hearing was held before Administrative Law Judge Joan Ho ("the ALJ"). *Id*. Smith was present and represented by counsel. *Id*. A vocational expert, ("the VE") appeared and testified at the hearing. *Id.* The ALJ denied Smith's application for DIB. *Id.* at 15. Following this decision, Smith timely requested review by the Appeals Council. *Id*. at 13. On June 9, 2015, the Appeals Council denied Smith's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2-7. On August 6, 2015, Smith filed an action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Filing No. 1.) On October 3, 2016, the Court referred the matter to Magistrate Judge Mark J. Dinsmore for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). On December 20, 2016, the Magistrate Judge filed his Report and Recommendation (Filing No. 16) to which Smith filed a timely objection. (Filing No. 17.)

## II.   LEGAL STANDARD

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's

---

[1] Smith's relevant medical evidence as set forth in the parties' briefs is not disputed, therefore, the Court incorporates by reference the factual and medical background detailed in the parties' briefs (*See* Filing No. 12 and Filing No. 13), and will articulate specific facts as needed in the "Discussion" section.

recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISABILITY AND STANDARD OF REVIEW

Under the Act, a claimant may be entitled to DIB only after he establishes that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At

step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then his residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if he can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

Section 405(g) of the Act gives the court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d

1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).

## IV. THE ALJ'S DECISION

The ALJ first determined that Smith met the insured status requirement of the Act through December 31, 2012. The ALJ then began the five-step analysis and first determined that Smith had not engaged in substantial gainful activity from August 17, 2012, the application date, to December 31, 2012. At step two, the ALJ found that Smith had the following severe impairments: gout, osteoarthritis of the bilateral knees, osteoarthritis of the wrist, chronic gastritis, history of a gastric ulcer, and hypertension. At step three, the ALJ concluded that Smith does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that Smith had an RFC to perform sedentary work, including:

5

> lifting and carrying up to ten pounds occasionally and frequently; standing and/or walking two hours of an eight-hour workday; sitting six hours of an eight-hour workday; occasional climbing of ramps and stairs, but no climbing of ladders, ropes, or scaffolds; occasional bending, stooping, kneeling, crouching, and crawling; and no concentrated exposure to extreme cold, extreme heat, wetness, humidity, loud noise (as defined by the Dictionary of Occupational Titles ["DOT"]), excessive vibration, and pulmonary irritants such as fumes, odors, dusts, and gases.

(Filing No. 10-2 at 21-22). At step four, the ALJ found that Smith had past relevant work as a retail store manager and store laborer, both above the sedentary level of exertion, which Smith is unable to perform. At step five, the ALJ determined that Smith was not disabled because there were jobs that existed in significant numbers in the national economy that Smith could perform, considering his age, education, work experience, RFC, and acquired transferrable work skills from past relevant work. Those jobs included receptionist, order taker, and personnel scheduler. Therefore, the ALJ denied Smith's application for DIB because he was not disabled.

## V. DISCUSSION

During the ALJ's hearing, the VE testified that Smith's past relevant work as a store manager at GNC amounts to skilled work with a specific vocational preparation ("SVP") of seven. (Filing No. 10-2 at 71.) The VE opined that Smith obtained transferable skills, including: scheduling, recordkeeping, ordering, and taking inventory. *Id.* at 72. Based on the VE's testimony, the ALJ found that Smith acquired skills that were transferable to other sedentary occupations, such as: receptionist, order taker, and personnel scheduler. *Id*. at 27. Smith asserts that the VE's testimony regarding transferrable skills conflicts with the DOT because jobs with an SVP of seven require between two and four years to learn, however, Smith worked at GNC for only eighteen months. Smith argues that the Court should remand the case because the ALJ failed to resolve the obvious conflict between the testimony of the VE and the DOT, pursuant to SSR 00-4p.

6

Under SSR 00–4p, an ALJ has an "affirmative responsibility" to ask whether a VE's testimony "conflicts with information provided in the DOT" before relying on the VE's evidence to support a determination that a person lacks a disability. *Overman v. Astrue,* 546 F.3d 456, 462–63 (7th Cir. 2008) (quoting SSR 00-4p at 4). If evidence from a VE "appears to conflict with the DOT," SSR 00–4p requires further inquiry, specifically, an ALJ must obtain "a reasonable explanation for the apparent conflict." *Id.* at 463 (quoting SSR 00–4p at 5).

The Magistrate Judge found no error in the ALJ's conclusion and further opined that Smith provided no regulation or case law that prohibits an ALJ from concluding that a claimant acquired transferable skills prior to the SVP guidelines. *See Nelson v. Astrue*, No. 10-CV-3268, 2013 WL 869957, at *10 (C.D. Ill. Jan. 25, 2013) (holding SVP information in the DOT is only a "guideline to help determine how long it would generally take to learn a particular job"). Smith asserts, despite the Magistrate Judge's finding that SVP amounts to a guideline rather than a rule, the ALJ has a duty to resolve conflicting VE testimony because SVP is established by DOT.

The Court agrees with the Magistrate Judge and finds that Smith has presented no evidence establishing that the ALJ erred when finding that Smith gained certain transferrable skills during his time working as a retail store manager at GNC. Accordingly, because the regulations do not outline a specific time frame for gaining transferrable skills, Smith's request for remand is **denied**. *See* 20 C.F.R. § 404.1568 (where a claimant is "of advanced age and … ha[s] a severe impairment(s) that limits [the claimant] to no more than sedentary work, [the Court] will find that [the claimant] ha[s] skills that are transferable to skilled or semiskilled sedentary work *only if* the sedentary work is so similar to [the claimant's] previous work that [the claimant] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry") (emphasis added).

## VI. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Willie V. Smith's Objection ([Filing No. 17](#)), **ADOPTS** the Report and Recommendation ([Filing No. 17](#)), and **AFFIRMS** the Commissioner's final decision. Final judgment will be issued by a separate order.

**SO ORDERED.**

Date: 1/19/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Norman Lamont Reed
ATTORNEY AT LAW
reedsmithlaw@aol.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov